# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Office of General Counsel, : 
                           Petitioner : 
                                       : 
              v. : No. 442 C.D. 2020 
                                         : Argued: December 8, 2020 
Carter Walker and LNP : 
Media Group, Inc., : 
                        Respondents : 

**BEFORE:** **HONORABLE RENÉE COHN JUBELIRER, Judge**
**HONORABLE P. KEVIN BROBSON, Judge**[1]
**HONORABLE CHRISTINE FIZZANO CANNON, Judge**

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                           **FILED: February 23, 2021**

Office of General Counsel (OGC) petitions for review of the final determination (Final Determination) of the Pennsylvania Office of Open Records (OOR), dated February 28, 2020, which granted, in part, and denied, in part, an appeal filed by Carter Walker (Walker) and LNP Media Group, Inc. (LNP) (collectively, Requesters) under the Right-to-Know Law (RTKL).[2,3] OOR granted

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

[3] Requesters initiated the subject RTKL request and the appeal to OOR. OGC appealed the OOR decision to this Court and filed its brief on September 16, 2020. Requesters did not file a brief in this matter as directed by the Court through its October 29, 2020 order. Consequently, by order dated November 20, 2020, we precluded Requesters from filing a brief and participating in oral argument.

Requesters' appeal because the requested records were not from individuals seeking employment with an agency or predecisional deliberations that are exempt from public access under the RTKL. For the reasons that follow we affirm, in part, vacate, in part, and remand the matter for further proceedings.

## I. BACKGROUND

On December 4, 2019, Requesters filed a RTKL request with OGC, seeking "documentation of all individuals who submitted their names this year, 2019, for consideration to be appointed to an open seat on [the Court of Common Pleas of Lancaster County (Common Pleas)]. Applications were due Nov. 15."[4] (Reproduced Record (R.R.) at 1a.) Shortly thereafter, OGC informed Requesters that it required a thirty-day extension of time to respond to the request. (R.R. at 3a.) On January 10, 2020, OGC denied the request, claiming the "applications and related information of applicants not hired by an agency are exempt from access" pursuant to Section 708(b)(7) of the RTKL, 65 P.S. § 67.708(b)(7). (*Id*.) OGC also stated that it "has not provided records that would reveal the internal, predecisional deliberations of an agency, its officials or employees, or records used in such deliberations," citing Section 708(b)(10) of the RTKL, 65 P.S. § 67.708(b)(10). Finally, OGC maintained that "records or portions of the requested records are protected by the attorney [] client or attorney [] work product privileges," citing Section 102 of the RTKL, 65 P.S. § 67.102. Requesters appealed OGC's denial of their records request to OOR on January 30, 2020. (R.R. at 11a.)

---

[4] In Pennsylvania, when a judicial vacancy occurs on a court of common pleas in the middle of a term, the Governor is empowered to appoint an individual as judge with the advice and consent of two-thirds of the members elected to the Senate. Pa. Const. art. V, § 13(b). After the Governor's appointment and the Senate's confirmation, the judge "serve[s] for a term ending on the first Monday of January following the next municipal election more than ten months after the vacancy occurs or for the remainder of the unexpired term whichever is less." *Id*.

OGC, in response to the appeal, provided a position statement supporting its denial along with an affidavit from OGC's Agency Open Records Officer, Marc Eisenstein, dated February 11, 2020 (Eisenstein Affidavit).[5] (R.R. at 7a-9a.) Mr. Eisenstein attested in his affidavit:

4. The responsive records consist of applications submitted by individuals who seek appointment to a vacancy on [Common Pleas]. The applications are used by [OGC] and its designees to make recommendations regarding the filling of such vacancy[] and to assist the Office of Governor in [its] deliberations regarding such appointments.

5. These applications are used to advise the Governor on candidates for employment pursuant to the Governor's constitutional, executive power to fill vacancies on various courts within this Commonwealth.

6. These applications remain internal to [OGC] and its designees[] and are not provided to unrelated third parties.

7. These applications contain personal identification and financial information of the applicants, including addresses, home phone numbers, email addresses, personal and family information, financial statements and cell phone numbers, which are exempt from access.

(R.R. at 5a, 6a.)

On February 28, 2020, OOR granted Requesters' appeal, in part, and denied it, in part. (Final Determination at 1.) OOR concluded that, because OGC failed to demonstrate the applications were records of individuals seeking employment with an agency, the exemption provided by Section 708(b)(7)(iv) of the RTKL did not apply. (Final Determination at 4-7.) OOR also concluded that, because OGC failed to demonstrate that the applications reflected internal predecisional deliberations, the exemption provided by Section 708(b)(10)(i)(A) of

---

[5] OGC raised the attorney-client and attorney-work product privileges in its response to the RTKL request but did not address either privilege in the OOR appeal or the appeal before this Court. Accordingly, we deem OGC's claims that the requested records are protected by either or both privileges waived, and the argument will not be considered in this opinion.

the RTKL did not apply. (Final Determination at 7-10.) OOR directed OGC to provide Requesters with the responsive applications, but it authorized OGC to redact personal identification information.[6] (Final Determination at 10, 11.) This appeal followed.

## II. ISSUES

On appeal,[7] OGC argues that OOR erred when it concluded that the applications were not records of individuals seeking employment with an agency subject to the employment application exemption set forth in Section 708(b)(7)(iv) of the RTKL. OGC also argues that OOR erred when it concluded that applications were not protected by the deliberative process exemption provided by Section 708(b)(10)(i)(A) of the RTKL.

---

[6] It appears that this authorization to allow OGC to redact personal identification information is the extent to which OOR denied Requesters' appeal. As background, OGC requested in its position statement to OOR that if OOR reversed any portions of its response to the RTKL request, thereby requiring the production of responsive documents, OOR should direct that email addresses of individuals, personal financial information, and telephone numbers or personal information be redacted pursuant to Section 708(b)(6) of the RTKL, 65 P.S. § 67.708(b)(6). (*See* Final Determination at 10.) Section 708(b)(6) of the RTKL exempts personal identification information from disclosure, including "a person's Social Security number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number[,]" "[a] spouse's name, marital status or beneficiary or dependent information." 65 P.S. § 67.708(b)(6)(i)(A), (B).

[7] On appeal from OOR in RTKL cases, this Court's standard of review is *de novo*, and our scope of review is plenary. *Bowling v. Off. of Open Recs.*, 990 A.2d 813 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453, 477 (Pa. 2013).

## III. CONCLUSION

For the reasons set forth in our opinion in a companion case, *Office of General Counsel v. Brad Bumsted and LNP Media Group, Inc.*, ___ A.3d ___ (Pa. Cmwlth., No. 1764 C.D. 2019, filed February 23, 2021), we affirm the Final Determination to the extent that it rejected OGC's claim that the requested records were exempt under Section 708(b)(7)(iv) and 708(b)(10)(i)(A) of the RTKL. We will vacate the portion of the Final Determination that ordered OGC to provide the Requesters with the applications of the individuals who were not selected for the judicial vacancy appointment.[8] We remand this matter to OOR for the sole purpose of reconsidering the portion of its decision ordering disclosure of the requested records in light of the Pennsylvania Supreme Court's decision in *PSEA*.

P. KEVIN BROBSON, Judge

Judge Crompton did not participate in the decision of this case.

---

[8] It is unclear from the record (1) whether OGC notified the individuals whose applications OGC must produce, and (2) whether OGC performed the balancing test required by *Pennsylvania State Education Association v. Department of Community and Economic Development*, 148 A.3d 142, 158 (Pa. 2016) (*PSEA*), and its progeny.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Office of General Counsel, : 
                        Petitioner : 
                                    : 
          v. : No. 442 C.D. 2020
                                    : 
Carter Walker and LNP : 
Media Group, Inc., : 
                    Respondents : 

## O R D E R

AND NOW, this 23rd day of February, 2021, it is hereby ordered that the February 28, 2020 Final Determination of the Pennsylvania Office of Open Records (OOR) is AFFIRMED, in part, and VACATED, in part. This matter is REMANDED to OOR for further proceedings consistent with the reasons set forth in our opinion in a companion case, *Office of General Counsel v. Brad Bumsted and LNP Media Group, Inc.*, ___ A.3d ___ (Pa. Cmwlth., No. 1764 C.D. 2019, filed February 23, 2021).

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge